United States Courts
Southern District of Texas
FILED

JUN  6 2012

David J. Bradley, Clerk of Court

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND | § | |
| PETITION OF FR8 PRIDE SHIPPING | § | |
| CORP. AND THOME SHIP | § | |
| MANAGEMENT PTE. LTD., | § | C.A. No.  2:12-cv-185 |
| AS OWNER AND TECHNICAL | § | |
| MANAGER OF M/V FR8 PRIDE, HER | § | |
| ENGINES, TACKLE, ETC., IN A | § | Admiralty |
| CAUSE OF EXONERATION FROM OR | § | F.R.C.P. 9(h) |
| LIMITATION OF LIABILITY | § | |

**COMPLAINT AND PETITION OF FR8 PRIDE SHIPPING CORP. and
THOME SHIP MANAGEMENT PTE. LTD., AS OWNER AND TECHNICAL
MANAGER OF M/V FR8 PRIDE, HER ENGINES, TACKLE, ETC., IN A
CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE
FOR THE SOUTHERN DISTRICT OF TEXAS, CORPUS CHRISTI DIVISION:

NOW COME Petitioners FR8 PRIDE SHIPPING CORP. and THOME SHIP

MANAGEMENT PTE. LTD., as Owner and Technical Manager of M/V FR8 PRIDE, her engines,

tackle, etc., at the time of the incident hereinafter mentioned in Paragraph IV below, involving M/V

FR8 PRIDE, in a cause exoneration from or limitation of liability, and alleges as follows:

I.

Petitioner FR8 PRIDE SHIPPING CORP. is a corporation duly organized and existing

pursuant to the laws of the Marshall Islands, and is the owner of M/V FR8 PRIDE and her pending

freight.

Petitioner THOME SHIP MANAGEMENT PTE. LTD. is a limited liability company duly

organized and existing pursuant to the laws of the Singapore, and is the technical manager of M/V

FR8 PRIDE.

II.

M/V FR8 PRIDE is a petrochemical tanker, 228.6 meters in length, 22,444 gross registered tonnage, registered in the Marshall Islands, and bearing Official Number 3031.  M/V FR8 PRIDE and was at all times hereinafter mentioned engaged in the common carriage of cargo by water for hire.

III.

Petitioners, FR8 Pride Shipping Corp. and Thome Ship Management PTE. Ltd. (collectively "Petitioners") used due diligence to make M/V FR8 PRIDE seaworthy, and she was until the incident hereinafter mentioned tight, staunch, and strong, fully manned, equipped, and supplied, and in all respects seaworthy and fit for the service in which she was engaged.

IV.

Under the pool agreement between Petitioner and Scorpio Panamax Tanker Pool, Ltd., M/V FR8 PRIDE was delivered for charter in Paulsboro, New Jersey, on February 17, 2012. M/V FR8 PRIDE departed Paulsboro, New Jersey, on February 17, 2012, bound for her load port of Luanda, Angola.  On March 8, 2012, 2012, M/V FR8 PRIDE arrived at Luanda, Angola, to load a cargo of crude oil.  This particular cargo of crude oil was scheduled to be discharged at the Valero Terminal in the Port of Corpus Christi, Texas, in April or May of 2012.

During the early morning hours of May 2, 2012, M/V FR8 PRIDE was transiting inbound near the entrance to the Port of Corpus Christi Ship Channel and within the jurisdiction of this Court, en route to the Valero Terminal.  The MODU *Rowan EXL-1* jack-up rig (the "Rig") was also transiting inbound towards the Port of Corpus Christi Ship Channel at the same time.  At 0715 hours, M/V FR8 PRIDE's main engine failed, and the vessel lost propulsion.  As

a result, M/V FR8 PRIDE's starboard bow collided with the port side of the Rig. Both M/V FR8 PRIDE and the Rig sustained damage as a result of the collision.

V.

The fault of Petitioners is denied; this decree, if subsequently proved, will justify the court in entering a decree exonerating the Petitioners from all fault.

VI.

Upon information and belief, the incident was caused as the result of an unavoidable accident, through which the Petitioners had no privity or knowledge, and which could not have been foreseen by Petitioners.

VII.

The voyage upon which the aforementioned incident occurred resulted in damages to M/V FR8 PRIDE. The value of M/V FR8 PRIDE after the incident described in Paragraph IV is not in excess of Twenty-One Million and 0/100 US Dollars ($21,000,000.00). *See* "Exhibit A" (Declaration of Vessel Value). M/V FR8 PRIDE was damaged as a result of the incident described in Paragraph IV, and her permanent repairs are estimated to be Two Million, One Hundred Six Thousand and 0/100 US Dollars ($2,106,000.00). *See* "Exhibit B" (Affidavit of Permanent Repair Costs). The freight pending for the transportation of the cargo onboard M/V FR8 PRIDE on the voyage on which the collision occurred amounted to One Million, Twenty-One Thousand, Six Hundred Seventy-Six and 0/100 US Dollars ($1,021,676.00). *See* "Exhibit C" (Declaration of Pending Freight). Petitioners allege that the entire aggregate value of the interest of Petitioners collective interest in M/V FR8 PRIDE and her pending freight upon which the collision occurred does not exceed Nineteen Million, Nine Hundred Fifteen Thousand, Six Hundred Seventy-Six and 0/100 Dollars ($19,915,676.00).

VIII.

There are no demands, unsatisfied liens, or claims or liens against M/V FR8 PRIDE, her engines, tackle, etc. or any suits pending thereon so far as is known to Petitioners, other than the following:   Civil Action No. 2:12-CV-00163; *Rowan Companies, Inc., et al. vs. M/V FR8 PRIDE, in rem, et al.*; In the United States District Court for the Southern District of Texas, Corpus Christi Division.

IX.

The incident described in Paragraph IV herein, involving M/V FR8 PRIDE happened, and the loss, damage, and destruction above referred to, were done, occasioned, and incurred without fault on the part of Petitioners, and without their privity or knowledge, and which could not have been foreseen by the Petitioners.

X.

In addition to the above, which are all the claims of which Petitioners now have knowledge, it is feared that other suits or actions may be brought against Petitioners or M/V FR8 PRIDE by other parties who may have sustained loss, damage, or injury by reason of the said incident as described in Paragraph IV herein.

XI.

Petitioners aver that the amount of the claims in the suits which may be commenced against Petitioners and M/V FR8 PRIDE may far exceed the value of Petitioners' interest in M/V FR8 PRIDE and her pending freight.

XII.

Petitioners, as owner and technical manager of M/V FR8 PRIDE, claim exemption from liability for the losses, damages, injuries, and destruction occasioned or incurred by reason of the

incident as described in Paragraph IV herein, and/or subsequent damages resulting therefrom and for the claims of damages that hereafter may be made, and Petitioners allege that they have valid defenses thereto on the facts.  Petitioners further claim the benefit of the limitation of liability provided in 46 U.S.C. §§ 183, 184, and 185, and the various statutes supplementary thereto and amendatory thereof.

## XIII.

Petitioner are now ready, able, and willing and hereby offers to give their stipulation, with sufficient sureties conditioned for the payment into this Court by Petitioners of the value of the Petitioners' interest in M/V FR8 PRIDE, if required, as she was immediately after the incident as described in Paragraph IV, with interest thereon, together with her pending freight at the end of said voyage, if any was pending; such payment to be made whenever the same shall be ordered herein.

## XIV.

M/V FR8 PRIDE has not been arrested or attached.  This complaint is filed within six (6) months after Petitioners received the first notice of any claim from any claimant.

## XV.

All and singular the premises are true and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

## XVI.

WHEREFORE, PREMISES CONSIDERED, FR8 PRIDE SHIPPING CORP. and THOME SHIP MANAGEMENT PTE. LTD., Petitioners herein, prays that upon final hearing, Petitioners have:

1.  Due appraisement made by an order of this Court of the amount or value of Petitioners' interest in M/V FR8 PRIDE and her pending freight for the aforesaid voyage;

2.  An order of this Court directing Petitioners to file a stipulation with surety to be approved by the Court for the payment into the Court of the amount of Petitioners' interest, whenever the Court shall so order;

3.  An order of this Court directing the issuance of a monition to all persons claiming damages for any and all loss, damage, injury, or destruction done, occasioned, and incurred by or resulting from the incident involving M/V FR8 PRIDE hereinabove described in Paragraph IV, citing them to appear before a commissioner to be named by the Court in said order and make due proof of their respective claims and also to appear and answer the allegations of this petition according to the law and practice of this Court at or before a certain time to be fixed by the monition;

4.  An order of this Court directing that on the giving of such stipulation as may be determined to be proper or of an ad interim stipulation, an injunction shall issue restraining the prosecution of all suits, actions, and proceedings already begun to recover for damages sustained as a result of the incident involving M/V FR8 PRIDE, and arising out of, occasioned, or by consequent upon the incident involving M/V FR8 PRIDE as stated in this petition or during the voyage on which M/V FR8 PRIDE was then engaged, and the commencement or prosecution hereafter of any suit, action, or legal proceeding of any nature or description whatsoever, except in the present proceeding, against Petitioners or their agents or representatives or any other person whatsoever in respect of any claim arising out of the aforesaid voyage and incident involving M/V FR8 PRIDE as described in Paragraph IV herein;

5.  That the Court in this proceeding will adjudge:

    a.  The Petitioners are not liable to any extent for any loss, damage, or injury nor for any claim whatsoever in any way arising out of or in consequence of the aforesaid voyage or the incident involving M/V FR8 PRIDE, as described above in Paragraph IV;

    b.  Or, if Petitioners shall be adjudged liable, then that such liability be limited to the amount or value of Petitioners' interest in M/V FR8 PRIDE at the time of the incident described in this petition, and her pending freight, and that Petitioners be discharged therefrom upon the surrender of their interest in M/V FR8 PRIDE and her pending freight, and that the money paid or secured to be paid as aforesaid be divided pro rata among such claimants as may duly prove their claims before the commissioner hereinabove referred to, saving all parties any priorities to which they may

be legally entitled, and that a decree may be entered discharging Petitioners from all further liability; and

6.     That Petitioners have any and all such other and further relief, in law and equity, as they may show themselves to be justly entitled.

Respectfully submitted,

By: _Dabney W. Pettus_

Frank L. McNiff, Jr.
State Bar No. 13839020
Federal ID No. 1259
fmcniff@welderleshin.com
Dabney Welsh Pettus
State Bar No. 24033443
Federal ID No. 29959
dpettus@welderleshin.com
Dane C. Bruun
State Bar No. 24059506
Federal ID No. 876534
dbruun@welderleshin.com

**ATTORNEYS-IN-CHARGE FOR PETITIONERS FR8 SHIPPING CORP. and THOME SHIP MANAGEMENT PTE. LTD.**

OF COUNSEL:

WELDER LESHIN LLP
800 North Shoreline Blvd.
Suite 300, North Tower
Corpus Christi, Texas  78401
(361) 561-8000 – Telephone
(361) 561-8001 – Telefax

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading was forwarded to the following attorneys of record, in accordance with the Federal Rules of Civil Procedure, on this 6th day of June, 2012.

Steven L. Roberts
Daniel Johnson
Juan C. Garcia
SUTHERLAND ASBILL & BRENNAN, LLP
First City Tower
1001 Fannin, Suite 3700
Houston, Texas  77002
**Attorneys for Claimants**
**Rowan Companies, Inc.,**
**Rowan Luxembourg, S.A.R.L., and**
**Rowan Drilling (Gibraltar), Ltd.**

Dabney Welsh Pettus

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND | § | |
| PETITION OF FR8 PRIDE SHIPPING | § | |
| CORP. AND THOME SHIP | § | |
| MANAGEMENT PTE, LTD., | § | C.A. No. _____ |
| AS OWNER AND TECHNICAL | § | |
| MANAGER OF M/V FR8 PRIDE, HER | § | |
| ENGINES, TACKLE, ETC., IN A | § | **Admiralty** |
| CAUSE OF EXONERATION FROM OR | § | **F.R.C.P. 9(h)** |
| LIMITATION OF LIABILITY | § | |

<u>**VERIFICATION**</u>

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF NUECES | § |

Before me now, the undersigned Notary, came and appeared DABNEY WELSH PETTUS, who after being duly sworn, did depose and state:

1. That she is counsel with the law firm of WELDER LESHIN LLP, and is the attorney for the Limitation Petitioners in the above-captioned and numbered proceeding.

2. That she has read the above and foregoing Complaint, that all of the allegations of fact contained therein are true and correct to the best of her information, knowledge and belief, and that the source of her knowledge and the grounds for her belief being information obtained from her clients and investigation by her and her representatives; and

3. That she is specifically authorized by Limitation Petitioners to make this Verification on their behalf.

_Dabney W. Pettus_
Dabney Welsh Pettus

SWORN TO AND SUBSCRIBED BEFORE ME on this 6th day of June, 2012.

_Patty Smith_
Notary Public, State of Texas

PATTY SMITH
NOTARY PUBLIC
STATE OF TEXAS
EXPIRES
08-24-2013

260888                                     9

◥JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| In re the Complaint and Petition of FR8 Pride Shipping Corp. and Thome Ship Management PTE. Ltd., as owner and technical ⊞ | |
| **(b)** County of Residence of First Listed Plaintiff _____<br>(EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant _____<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE<br>LAND INVOLVED. |
| **(c)** Attorney's (Firm Name, Address, and Telephone Number)<br>Dabney Welsh Pettus, Welder Leshin LLP, 800 N. Shoreline Blvd,<br>Suite 300, North, Corpus Christi, TX 78401 (361) 561-8000 ⊞ | Attorneys (If Known) |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
46 U.S.C. §§183, 184, 185

Brief description of cause:
Limitation of Liability

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE  Nelva Gonzales Ramos

DOCKET NUMBER  2:12-cv-00163

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 06/06/2012 | *Dabney W. Pettus* |

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|
| | | | | |