IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND § | | |
| PETITION OF FR8 PRIDE SHIPPING § | | Civil Action No. C-12-185 |
| CORP. AND THOME SHIP § | | |
| MANAGEMENT PTE. LTD., § | | Admiralty Fed. R. Civ. P. 9(h) |
| AS OWNER AND TECHNICAL § | | |
| MANAGER OF M/V FR8 PRIDE, HER § | | |
| ENGINES, TACKLE, ETC., IN A § | | |
| CAUSE OF EXONERATION FROM OR § | | |
| LIMITATION OF LIABILITY § | | |

**OPINION GRANTING
CHESTER DOBSON'S MOTION FOR LEAVE TO INTERVENE**

This is a Limitation of Liability action filed pursuant to 46 U.S.C. §§ 30505, et seq., and Rule F of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure asserting a maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Pending is a motion by Chester Dobson seeking leave to intervene in this action and to be afforded a reasonable opportunity to file a claim and answer. (D.E. 58). Petitioners FR8 Pride Shipping Corp. and Thome Ship Management Pte. Ltd. ("Petitioners") filed a response in opposition to Mr. Dobson's pending motion. (D.E. 66). For the reasons stated herein, Mr. Dobson's motion is GRANTED.

**I. BACKGROUND**

On May 18, 2012, Rowan Companies, Inc., Rowan Luxembourg S.A.R.L., and Rowan Drilling (Gibraltar) Ltd., (collectively, "Rowan") filed an action against M/V FR8 Pride *in rem*, and FR8 Pride Shipping Corporation; Scorpio USA, LLC; Panamax Tanker Pool Ltd.; and Thome Ship Management Pte. Ltd., *in personam*, seeking recovery for damages sustained when the M/V FR8 Pride collided with Rowan's offshore drilling rig on May 2, 2012, near the entrance to the Port of Corpus Christi Ship Channel. Rowan Companies, Inc. v. M/V FR8

PRIDE, 2:12-CV-163 (S.D. Tex. May 18, 2012) (complaint).

On June 6, 2012, Petitioners filed a complaint and petition for limitation of liability pursuant to the Limitation of Liability Act, 46 U.S.C. § 30501, et seq. (D.E. 1). An expedited hearing was held on June 15, 2012, and on June 18, 2012, an order was issued setting bond on the vessel at $20 million.

Petitioners posted legal notices of the limitation of liability action in the Corpus Christi Caller-Times and the Houston Chronicle for four consecutive weeks beginning on June 22, 2012. (D.E. 16). The notices directed all potential claimants to file a statement of interest with the Clerk of Court for the Southern District of Texas by August 31, 2012. Id. Within that time, Rowan, Credit Agricole Corporate and Investment Bank ("Credit Agricole"), and Corey Hicks intervened asserting claims against Petitioners.

On November 2, 2012, Petitioners filed an *Ad Interim* Stipulation for Value in the amount of $20,000,000, seeking authorization for Arch Insurance Company to be approved as the surety for the bond. (D.E. 27). On November 13, 2012, an order was entered granting the authorization. (D.E. 41). On November 19, 2012, the parties filed an unopposed motion for entry of an order restraining and enjoining the prosecution of claims pursuant to Rule F(3) of the Supplemental Rules for Certain Admiralty and Maritime Claims. (D.E. 46). That same day, the motion was granted. (D.E. 48).

On December 5, 2012, Taylors International Services, Inc. ("Taylors") filed a motion to intervene and to be afforded a reasonable opportunity to file a claim and answer. (D.E. 49). Taylors, which provided catering on board Rowan's vessel at the time of the collision, has been named as a defendant in an action brought in the Eastern District of Louisiana by Mr. Dobson, as

well as an action brought in the Western District of Louisiana by Mr. Hicks.  Id. at 1, 3.  Both plaintiffs were employed by Taylors while working on Rowan's vessel, and they seek to recover pursuant to maritime tort law for damages sustained during the collision.  Id.  Mr. Dobson has also named Claimant Rowan as a defendant in his action, and Rowan has sought defense, indemnity, and insurance coverage from Taylors pursuant to a Master Service Agreement between them.  Id. at 2.  On January 3, 2013 an order was entered permitting Taylors to intervene as a claimant.  (D.E. 51).  On February 1, 2013, Credit Agricole filed a stipulation of dismissal of its claims.  (D.E. 57).

On February 7, 2013, Mr. Dobson filed a motion for leave to intervene.  (D.E. 58).  On February 22, 2013, Petitioners filed a response in opposition.  (D.E. 66).

## II. DISCUSSION

Supplemental Admiralty Rule F(4) provides that "[f]or cause shown, the court may enlarge the time within which claims may be filed."  The Fifth Circuit has adopted a three-prong analytical framework for determining whether to permit late claims in limitation of liability proceedings.  Golnoy Barge Co. v. M/T SHINOUSSA, 980 F.2d 349, 351 (5th Cir. 1993) (per curiam).  As the Fifth Circuit has explained, in ruling on a motion to file a late claim a district court should consider: "(1) whether the proceeding is pending and undetermined, (2) whether granting the motion will adversely affect the rights of the parties, and (3) the claimant's reasons for filing late."  Id.  However, "'relief from a tardy claim is not a matter of right,'" and a district court must exercise discretion in determining whether permitting a late claim serves the interests of equity.  Id. (quoting Texas Gulf Sulphur Co. v. Blue Stack Towing Co., 313 F.2d 359, 363 (5th Cir. 1963)).

Here, Mr. Dobson seeks to join the limitation proceeding over five months after the deadline to do so expired. Nevertheless, the three factors weigh in favor of granting him leave to intervene. First, at this juncture, the proceeding remains pending and undetermined.

Second, denying Mr. Dobson the opportunity to intervene will result in significant prejudice to him. Although he is involved in related litigation in the Eastern District of Louisiana against other claimants in this action, he is now barred from seeking any recovery against Petitioners pursuant to the order restraining and enjoining claims. (D.E. 48). Accordingly, if Mr. Dobson cannot intervene, he will be unable to proceed in any way against Petitioners. Moreover, allowing his intervention will not prejudice the other claimants. While Petitioners contend that intervention will result in "an additional delay on the parties and the scheduling of various future deadlines," (D.E. 66, at 4), it is unclear why these consequences would be prohibitively prejudicial. Their conclusory assertion that they "are being adversely affected by the total uncertainty of this proceeding and the potential of additional claims that could be filed against [them]," id., is unpersuasive. They have not identified any specific adverse effect they may suffer from uncertainty. In addition, although Petitioners argue otherwise, the fact that Mr. Dobson's potential recovery from the limitation fund may reduce the funds available for other claimants does not suffice to show prejudice. If this were the case, intervention would never be appropriate.

Finally, Mr. Dobson has offered an adequate explanation for why he did not intervene sooner. As he explains, he did not receive personal notice of the limitation proceeding, nor was he made aware of the proceeding otherwise due to the limited duration and geographic scope of publication. See Lloyd's Leasing Ltd. v. Bates, 902 F.2d 368, 371 (5th Cir. 1990) ("Courts have

held that it was an abuse of discretion to deny permission to late file claims when ... the notice was not published in the claimant's geographic area.") (citations omitted).  In fact, Mr. Dobson only learned of the limitation action when the defendants in his related action in the Eastern District of Louisiana filed their answer on November 27, 2012, after the deadline to intervene had expired.  (D.E. 58, at 2).  Although it is unclear why he waited over two months to seek intervention in this action, this delay is not fatal given the lack of prejudice to other claimants as well as the likely duration of litigation.

These facts as well as equitable considerations weigh toward permitting Mr. Dobson to intervene in the limitation of liability action.

### III.  CONCLUSION

Based on the foregoing reasons, Mr. Dobson's motion to intervene, (D.E. 58), is hereby GRANTED.  Mr. Dobson shall be permitted twenty days from the date of this Order to file his answer and complaint.

ORDERED this 25th day of February 2013.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE