IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND | § | |
| PETITION OF FR8 PRIDE SHIPPING | § | |
| CORP. AND THOME SHIP | § | |
| MANAGEMENT PTE. LTD., | § | C.A. No. 2:12-CV-00185 |
| AS OWNER AND TECHNICAL | § | |
| MANAGER OF M/V FR8 PRIDE, HER | § | |
| ENGINES, TACKLE, ETC., IN A | § | Admiralty |
| CAUSE OF EXONERATION FROM OR | § | F.R.C.P. 9(h) |
| LIMITATION OF LIABILITY | § | |

**PETITIONERS' OPPOSED MOTION FOR LEAVE TO
FILE THEIR FIRST AMENDED COMPLAINT AND PETITION
IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY**

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS, CORPUS CHRISTI DIVISION:

NOW COME FR8 PRIDE SHIPPING CORP. and THOME SHIP MANAGEMENT PTE. LTD., Petitioners herein ("Petitioners"), and file this Opposed Motion for Leave to file their First Amended Complaint and Petition in a Cause of Exoneration from or Limitation of Liability. In support thereof, Petitioners would respectfully show unto the Court as follows:

### I. FACTUAL AND PROCEDURAL BACKGROUND

1. On May 2, 2012, a collision occurred between the vessel, M/V FR8 PRIDE, and the Rowan *EXL-1* drilling rig. This collision occurred within the navigable waters of this judicial district, approximately one (1) mile offshore Port Aransas, Texas.

2. On June 6, 2012, the Petitioners, as owner and technical manager of M/V FR8 PRIDE, filed their Original Complaint, seeking limitation of liability, arising out of the underlying collision that occurred on May 2, 2012. *See* DOCKET ENTRY # 1.

273026

3. Rowan Companies, Inc., Rowan Luxembourg s.a.r.l., and Rowan Drilling (Gibraltar) Ltd. (collectively "Rowan"), as owner/operator of the *EXL-1* drilling rig, have filed a Claim in this limitation proceeding against the Petitioners, arising out of structural damages to the *EXL-1* drilling rig. Corey Hicks and Chester Dobson have also filed Claims against the Petitioners, arising out of personal injuries that they allegedly sustained as a result of the underlying collision. Hicks' and Dobson's employer, Taylors International Services, Inc., has also filed a Claim against the Petitioners, seeking reimbursement for medical expenses and other damages that it has made and for which it may be liable for Hicks' and Dobson's personal injuries. All Claimants in this Paragraph are collectively referred to as the "Claimants" herein.

4. On April 3, 2013, this Court entered a Scheduling Order in this proceeding. *See* DOCKET ENTRY # 72. According to the Scheduling Order, the deadline for the amendment of pleadings is August 1, 2013. *See Id.*, ¶ 2.

5. Trial of this limitation of liability proceeding is set for February 13, 2014. *See* DOCKET ENTRY # 72, ¶ 1.

6. The Petitioners now move the Court to grant them leave to file a First Amended Complaint and Petition in a Cause of Exoneration from or Limitation of Liability. Petitioners' First Amended Complaint does not add any new parties to this proceeding, nor does it add any new claims or defenses.

7. Petitioners file their First Amended Complaint and Petition in a Cause of Exoneration from or Limitation of Liability, contemporaneously with this motion, as "Exhibit A."

273026

## II. ARGUMENT AND ANALYSIS

8. Leave to amend should be freely given when justice so requires. FED. R. CIV. P. 15(a). Unless the opposing party can show prejudice, bad faith, or undue delay, a court should grant leave to file an amended pleading. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962).

9. This Court should grant Petitioners' Motion for Leave because they have not acted in bad faith or unduly delayed in filing this Motion for Leave to amend their pleadings. Second, the issue of limitation of liability is pending and undetermined. Furthermore and most importantly, the deadline as established in the Court's Scheduling Order for the amendment of pleadings has not passed. *See* DOCKET ENTRY # 72, ¶ 2.

10. Petitioners respectfully request that this Court grant this Motion for Leave to file their First Amended Complaint. There will be no prejudice to any additional party by the filing of their First Amended Complaint.

## III. PRAYER

WHEREFORE, PREMISES CONSIDERED, Petitioners, FR8 PRIDE SHIPPING CORP. and THOME SHIP MANAGEMENT PTE. LTD., respectfully requests that this Honorable Court grant their Opposed Motion for Leave to File their First Amended Complaint and Petition in a Cause of Exoneration from or Limitation of Liability in full, enter the attached Petitioners' First Amended Complaint and Petition in a Cause of Exoneration from or Limitation of Liability among the papers of this cause, and that Petitioners have any and all such other and further relief to which they may show themselves to be justly entitled.

**[Signature Page Follows]**

273026

Respectfully submitted,

By: /s/ *Dabney Welsh Pettus*
Frank L. McNiff, Jr.
State Bar No. 13839020
Federal ID No. 1259
*fmcniff@welderleshin.com*
Dabney Welsh Pettus
State Bar No. 24033443
Federal ID No. 29959
*dpettus@welderleshin.com*
Dane C. Bruun
State Bar No. 24059506
Federal ID No. 876534
*dbruun@welderleshin.com*
James F. Buchanan
State Bar No. 03287500
Federal ID No. 0328
*jbuchanan@welderleshin.com*

**ATTORNEYS-IN-CHARGE FOR PETITIONERS, FR8 PRIDE SHIPPING CORP. and THOME SHIP MANAGEMENT PTE. LTD.**

OF COUNSEL:

WELDER LESHIN LLP
800 North Shoreline Blvd.
Suite 300, North Tower
Corpus Christi, Texas  78401
(361) 561-8000 – Telephone
(361) 561-8001 – Telefax

273026

## CERTIFICATE OF CONFERENCE

I hereby certify that on July 31, 2013, and August 1, 2013, I attempted to confer with Daniel Johnson, attorney for Claimant, Rowan Companies, Inc., *et al.*, via e-mail and via telephone, but was unable to make contact with Mr. Johnson. Therefore, he should be considered as opposed to relief sought in this Motion.

I hereby certify that on July 31, 2013, and August 1, 2013, I attempted to confer with James T. Baily, attorney for Claimant, Taylors International Services, Inc., via e-mail and via telephone, but was unable to make contact with Mr. Bailey. Therefore, he should be considered as opposed to relief sought in this Motion.

I hereby certify that on July 31, 2013, and August 1, 2013, I attempted to confer with Ronnie Penton, attorney for Claimant, Corey Hicks, via e-mail and via telephone, but was unable to make contact with Mr. Penton. Therefore, he should be considered as opposed to relief sought in this Motion.

I hereby certify that on July 31, 2013, and August 1, 2013, I attempted to confer with Tom Foutz, attorney for Claimant, Chester Dobson, via e-mail and via telephone, but was unable to make contact with Mr. Foutz. Therefore, he should be considered as opposed to relief sought in this Motion.

/s/ *Dabney Welsh Pettus*
Dabney Welsh Pettus

273026

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing pleading was forwarded to the following attorneys of record, in accordance with the Federal Rules of Civil Procedure, on this 1st day of August, 2013.

Steven L. Roberts
Daniel Johnson
Juan C. Garcia
SUTHERLAND ASBILL & BRENNAN, LLP
First City Tower
1001 Fannin, Suite 3700
Houston, Texas  77002
**Attorneys for Claimants, Rowan Companies, Inc.,**
**Rowan Luxembourg s.a.r.l., and Rowan Drilling (Gibraltar) Ltd**

Ronnie G. Penton
THE PENTON LAW FIRM
209 Hoppen Place
Bogalusa, LA  70427
**Attorneys for Claimant, Corey Hicks**

Mark R. Pharr, III
James T. Bailey
GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH
1301 McKinney, Suite 1400
Houston, Texas  77010

Rashell Thibodeaux
GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH
328 Settlers Trace Blvd.
Lafayette, Louisiana 70508
**Attorneys for Claimant, Taylors International Services, Inc.**

Thomas K. Foutz
Franklin D. Beahm
BEAHM & GREEN
145 Robert E. Lee Blvd., Suite 406
New Orleans, LA 70124
**Attorneys for Claimant, Chester Dobson**

                        /s/ *Dabney Welsh Pettus*
                        Dabney Welsh Pettus

273026